David S. Aman, OSB No. 962106
  Direct Dial:  503.802.2053
  Fax:  503.972.3753
  E-Mail:  david.aman@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

FILED 10 JAN '12 15:11 USDC-ORP

  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### (Portland Division)

| | |
|---|---|
| **MEDICAL MANAGEMENT INTERNATIONAL, INC.**, dba BANFIELD PET HOSPITAL, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**OLUWASEYI SOBOWALE**, an individual,<br><br>Defendant. | Civil No. CV'12-0047-BR<br><br>**COMPLAINT**<br>**(BREACH OF CONTRACT; TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE ADVANTAGE)**<br><br>*JURY TRIAL DEMANDED* |

  For its complaint against defendant Oluwaseyi Sobowale, plaintiff Medical Management International, Inc. ("MMI") alleges as follows:

### PARTIES

  1.  Plaintiff MMI is a Delaware corporation with its principal place of business located in Portland, Oregon.  MMI owns and operates veterinary hospitals throughout the United States, including in Oregon and Maryland, under the business name Banfield Pet Hospital ("Banfield").



PAGE 1 -  COMPLAINT

2. Defendant Sobowale was employed by MMI as a veterinary doctor at two Banfield hospitals located in Maryland, and he resides in Maryland.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Venue lies in this District pursuant to 28 U.S.C. § 1391(a)(2).

4. Defendant Sobowale is subject to personal jurisdiction in Oregon. He has substantial contacts with the state of Oregon. Sobowale corresponded with Banfield officials in Portland, Oregon during contract negotiations prior to his employment. And in Sobowale's initial Confidentiality Agreement with MMI (Section 11) and in his Supervisory Confidentiality Agreement with MMI (Section 11), which is the agreement at issue in this Complaint, he agreed to exclusive jurisdiction and venue in the state or federal courts in Multnomah County, Oregon for this dispute.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

5. Plaintiff realleges all preceding paragraphs.

6. MMI hired Sobowale as a veterinary doctor in January 2004. Sobowale was promoted to a Partner Doctor position in July 2005. During his employment, he worked at two Banfield hospitals in Maryland.

7. During Sobowale's tenure with MMI he was exposed to and trained in Banfield's marketing strategies, business models, delivery systems, wellness plans, PetWare, and financial information, including hospital profitability models, all of which constitute proprietary information that Banfield has spent millions of dollars developing. In addition, during the seven years he was a Banfield doctor, Sobowale had regular contact with Banfield clients he served and had access to Banfield's client and pet information. Sobowale benefitted from the goodwill that Banfield and its employees developed with these clients.


8. Prior to commencing employment with MMI, in January 2004, Sobowale entered into a Confidentiality Agreement with MMI, which included a confidentiality provision and a noncompetition provision. Upon a bona fide advancement to a Partner Doctor position in July 2005, Sobowale entered into a Supervisory Confidentiality Agreement ("Agreement"), a copy of which is attached as Exhibit 1 to this Complaint.

9. Under the Agreement, at Section 1, Sobowale agreed as follows (emphasis added):

> "At all times, both during and after my employment, I will protect and maintain the confidentiality of, and not use for my own benefit or disclose to any other Person (as defined in Section 14 below), any confidential information belonging or pertaining to MMI or its business regardless of the form or manner in which I obtain such information. I understand that this confidential information includes, but is not limited to, computer software (source and object code), documentation, research and development, customer lists and patient information, marketing and business plans, forms of agreements and other legal documents, business procedures, systems and methods, financial statements and projections, training materials, treatment protocols, and any and all other information, of every form and nature, belonging or pertaining to MMI, except only such information as I establish was generally available to the public at the time I received it or subsequently became generally available to the public other than as a result, directly or indirectly, of disclosure by Me. This obligation also extends to information provided to MMI by other Persons under an obligation of confidentiality."

10. In addition to the confidentiality provision in Section 1, Sobowale entered into a noncompetition agreement. The noncompetition agreement, at Section 4.1 of the Supervisory Confidentiality Agreement, provides, in part,

> "[F]or a period of three full years after I cease to be employed by MMI for any reason... I agree not to solicit, offer employment to, or to hire or retain (on behalf of myself or any other Person), any employee of or contractor to MMI or to contact any such employee or contractor by any means, directly or indirectly, for the purpose of inducing such employee or contractor to terminate such relationship. During the same three year period, I agree not to solicit clients from any hospital or facility of MMI (including its Affiliates) regardless of whether I worked at the hospital or facility."

11. Sobowale was terminated from his employment with MMI on February 1, 2011. Accordingly, Sobowale was and is prohibited from soliciting customers and employees of Banfield until February 1, 2014.

12. Sobowale has breached and continues to breach Section 4.1 of the Agreement by soliciting customers and employees of Banfield. Sobowale directly solicited Banfield employees, including Jessica Lowe, to leave their employment at Banfield and go to work for Sobowale's new employer, Croydon Pet Hospital.

13. On information and belief, Sobowale solicited current Banfield customers to cease bringing business to Banfield, and to begin bringing his business to Croydon Pet Hospital.

14. Sobowale agreed, in Section 7 of the Agreement, (with emphasis added):

"I acknowledge that any use or disclosure of confidential information or any competitive activities in violation of this Agreement are likely to cause MMI irreparable harm for which money damages will not be an adequate remedy. Therefore, if I breach or threaten to breach this Agreement, <u>MMI will be entitled to equitable remedies, including an injunction and/or specific performance, without proof of money damages</u>. I waive any requirement that MMI post a bond or other security in order to obtain equitable relief."

15. All of the conditions precedent to defendant Sobowale's obligation to perform under the Agreement have been performed, satisfied, discharged or otherwise excused.

16. MMI has suffered and will continue to suffer damages as a result of Sobowale's breaches of the Agreement, in an amount to be determined at trial but exceeding $75,000.

17. Sobowale's breaches of the Agreement have caused and will continue to cause substantial and irreparable harm to MMI. MMI is entitled to a temporary restraining order and preliminary and permanent injunction preventing Sobowale from continuing to breach the terms of the Agreement.

## SECOND CLAIM FOR RELIEF

## (TORTIOUS INTERFERENCE)

18. Plaintiff realleges all preceding paragraphs.

19. Plaintiff had business relationships with the employees and customers that defendant Sobowale solicited.

20. Defendant Sobowale intentionally interfered with those business relationships, or knew that such interference was substantially certain to occur.

21. Defendant Sobowale interfered for an improper purpose and/or through improper means, namely by breaching the terms of his noncompetition provision.

22. Defendant Sobowale's interference has caused MMI to suffer damages in an amount to be proven at trial, but in excess of $75,000.

23. Defendant Sobowale acted with malice, justifying an award of punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff MMI prays for judgment against defendant Sobowale as follows:

1. Finding in favor of MMI on its claims for relief;

2. Temporarily, preliminarily, and permanently enjoining Sobowale from continuing to violate the terms of his Agreement;

3. Awarding MMI damages in an amount to be proven at trial, but in excess of $75,000;

4. Awarding MMI punitive damages in an amount to be determined at trial;

5. Awarding MMI its reasonable attorney's fees and costs incurred in this action; and

6. Granting such other relief and further relief as the Court finds just or equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues set forth in this Complaint.

DATED January 10, 2012.

        TONKON TORP LLP

        By: _____
          David S. Aman, OSB No. 962106
           Direct Dial: 503.802.2053
           Fax: 503.972.3753
           E-Mail: david.aman@tonkon.com
          Attorneys for Plaintiff

007566/01038/3284452v1