CONFIDENTIALITY AGREEMENT | 3

**For Practice Team Members in a Supervisory Position (Regional Vice President, Field Director, Professional Relations Director, Medical Director, Partner, Field Trainer, Certified Hospital Director, Certified Chief of Staff, Director, Officer, CTS Team Leader or Manager)**

This Confidentiality and Non-competition Agreement, dated as of the 26 day of August, 2005, is made by ___Me___ ("I" or "Me") with and for the benefit of Medical Management International, Inc. and its Affiliates (as defined in Section 10 below). Each reference to MMI in this Agreement includes its Affiliates.

I understand that as a condition to my employment by MMI, MMI requires that I enter into this Confidentiality and Non-competition Agreement (this "Agreement").

THEREFORE, for valuable consideration, I agree as follows:

1. **Confidentiality.** At all times, both during and after my employment, I will protect and maintain the confidentiality of, and not use for my own benefit or disclose to any other Person (as defined in Section 14 below), any confidential information belonging or pertaining to MMI or its business regardless of the form or manner in which I obtain such information. I understand that confidential information includes, but is not limited to, computer software (source and object code), documentation, research and development, customer lists and patient information, marketing and business plans, forms of agreements and other legal documents, business procedures, systems and methods, financial statements and projections, training materials, treatment protocols, and any and all other information, of every form and nature, belonging or pertaining to MMI, except only such information as I establish was generally available to the public at the time I received it or subsequently became generally available to the public other than as a result, directly or indirectly, of disclosure by Me. This obligation also extends to information provided to MMI by other Persons under an obligation of confidentiality.

2. **Assignment of Inventions and Copyrights.** I assign to MMI all of my right, title and interest in all inventions (whether or not patentable and whether or not reduced to practice), and in all copyrights (whether or not published), which are made, invented, created or conceived by Me (whether solely or jointly with others) during my employment by MMI, and thereafter for a period of one year, if made with or based upon any of the confidential information of MMI. I agree that all such inventions and copyrights are and will be the sole property of MMI. At the request of MMI, I will execute all documents necessary to evidence MMI's title to the inventions and copyrights. I will render reasonable assistance in attempting to patent the inventions and register the copyrights.

3. **Return of Confidential Material.** When I cease to be employed by MMI for any reason, whether voluntary or involuntary, I will promptly return all confidential information of MMI (including all copies, notes and extracts therefrom); I will erase or cause to be erased all confidential information from any computer memory or storage which is not left with MMI; and I will not take with me any document or computer media containing any confidential information.

4. **Non-competition.**
   4.1 Except as specifically permitted in Section 4.2 and Section 4.3, during my employment by MMI and for a period of three full years after I cease to be employed by MMI for any reason, whether voluntary or involuntary, I will not compete, directly or indirectly, in any capacity or form (including, without limitation, by acting as a paid or unpaid director, officer, agent, representative, employee, or manager of or consultant to any Person, by acting as a proprietor of any Person, or by holding any direct or indirect participation in any Person whether as an owner, partner, limited partner, member, joint venturer, trustee, shareholder, creditor, consultant or otherwise), in any business involved in: (a) owning, managing, sponsoring, franchising, or operating, or providing management, administration or other business services to, one or more veterinary hospitals or other veterinary service facilities in the United States or Canada, (b) developing, distributing or marketing software and/or systems for the operation or management of veterinary hospitals or other veterinary service facilities in the United States or Canada, (c) developing, selling, marketing, licensing or providing any veterinary health insurance, veterinary wellness plan, or any other product or program pertaining to the provision or financing of veterinary services in the United States or Canada, (d) conducting clinical trials relating to animal health or veterinary procedures, medications or other products, although I will not violate the terms of this agreement by working for such a business in a sales, marketing, technical support, or technical services capacity, or (e) compiling, analyzing or distributing data related to animal health or the veterinary medical industry (collectively, the "Restricted Business"). During the

same three year period, I agree not to solicit, offer employment to, or to hire or retain (on behalf of myself or any other Person) any employee of or contractor to MMI or to contact any employee or contractor of MMI by any means, directly or indirectly, for the purpose of inducing such employee or contractor to terminate such relationship. During the same three year period, I agree not to solicit clients from any hospital or facility of MMI (including its Affiliates) regardless of whether I worked at the hospital or facility.

4.2   Notwithstanding Section 4.1 above, if I am a doctor of veterinary medicine, I understand that after I cease to be employed by MMI for any reason, I may provide veterinary medical services as an owner or employee of a veterinary hospital or other veterinary service facility provided (a) that such hospital or facility is not located within a three mile radius of any hospital or facility of MMI, where I have worked more than fifty days in the preceding twelve month period or where I have had management authority, (b) that I will not work in a management capacity, or as a supervisor of one or more veterinarians, in any hospital, business, or facility that is a part of a group of three or more veterinary hospitals, related businesses, or related facilities which are, directly or indirectly, under common ownership, control, management, operation or sponsorship and (c) that the confidentiality provisions of this Agreement will remain fully binding and enforceable whether or not I choose to practice veterinary medicine as permitted in this Section 4.2. I understand that I will not violate the provisions of this Section should I provide veterinary medical services to: (1) a practice providing veterinary services solely in one specialty area, (2) a practice providing solely emergency services, (3) a practice that cares solely for a species other than dogs, cats, pet birds, or pet reptiles, or (4) an MMI Charter Practice.

4.3   Notwithstanding Section 4.1 above, if I am employed as a Certified Hospital Director, I understand that after I cease to be employed by MMI for any reason, I may work for a veterinary hospital or other veterinary service facility provided (a) that such hospital or facility is not located within a three mile radius of any hospital or facility of MMI where I have worked more than fifty days in the preceding twelve month period or where I have had management authority, (b) that I will not work in a management or supervisory capacity in any hospital, business, or facility that is a part of a group of three or more veterinary hospitals, related businesses, or related facilities which are, directly or indirectly, under common ownership, control, management, operation or sponsorship, and (c) that the confidentiality provisions of this Agreement will remain fully binding and enforceable. I understand that I will not violate the provisions of this Section should I work for: (1) a practice providing veterinary services solely in one specialty area, (2) a practice providing solely emergency services, (3) a practice that cares solely for a species other than dogs, cats, pet birds, or pet reptiles, or (4) an MMI Charter Practice.

5.   **Reasonableness.**   I acknowledge that the confidentiality and noncompetition provisions of this Agreement are reasonable in view of the interests of MMI in protecting the value of its business and goodwill and my interest in earning a livelihood.

6.   **Severability.**   If any provision of this Agreement is ruled to be invalid, illegal or unenforceable by a court, such ruling will not affect any other provision of this Agreement. If any restriction is ruled by a court to be unenforceable to its fullest extent, then the restriction may be modified by the court to the minimum extent necessary to make it enforceable, and I authorize and request the court to do so.

7.   **Remedies.**   I acknowledge that any use or disclosure of confidential information or any competitive activities in violation of this Agreement are likely to cause MMI irreparable harm for which money damages will not be an adequate remedy. Therefore, if I breach or threaten to breach this Agreement, MMI will be entitled to equitable remedies, including an injunction and/or specific performance, without proof of money damages. I waive any requirement that MMI post a bond or other security in order to obtain equitable relief. Seeking equitable relief shall not prevent MMI from also obtaining money damages for the same breach. All of MMI's remedies will be cumulative. In the event of any litigation (including appeals) under or in connection with this Agreement, the party who prevails will be entitled to recover its attorney fees and costs from the losing party.

8.   **MMI's Right to Terminate Options and Repurchase Shares.**   In the event I breach any of the provisions of this Agreement, MMI shall have the right to terminate any and all of my stock options which either are granted or vest at any time within the two-year period immediately preceding the breach or the termination of my employment, whichever first occurs. In addition, MMI shall have the right to purchase from Me, and I will sell to MMI, any and all shares of MMI's stock issued upon exercise of any of the options described in the preceding sentence for a price equal to the price paid by Me for such shares. (Options granted prior to the date of this Agreement will not be subject to termination, nor will shares issued upon exercise of such options be subject to purchase by MMI under this section.) MMI shall exercise its rights by written notice to Me within 180 days after MMI learns of my breach. Upon receipt of such notice, together with a check for the purchase price for any shares MMI elects to repurchase, I shall execute such documents as may be requested by MMI to transfer the shares. If I fail to execute and return such documents within ten days of MMI's notice, MMI shall have the right to transfer the shares, and I hereby appoint MMI and each of its officers as my attorney-in-fact to make such transfer.

9. **Modification; Waiver.** This Agreement may not be modified or discharged, in whole or in part, and no provision hereof may be waived, except in writing. No waiver of any provision on a particular occasion will affect the enforceability of such provision on subsequent occasions, and no waiver of any particular provision will affect the enforceability of any other provision. Any changes in my duties, salary or compensation will not affect this Agreement.

10. **Successors and Assigns; Enforcement by MMI.** This Agreement is binding on Me and my heirs, legal representatives, successors and assigns and is for the benefit of MMI, including its Affiliates, and for the benefit of all their successors and assigns. As used in this Agreement, the term "Affiliates" includes Charter Practices International LLC and all other subsidiaries of MMI (regardless of the legal form in which they are organized) and also includes A Caring Doctor, P.C.; A Caring Doctor (Minnesota), P.A.; A Caring Doctor (New Jersey), P.A.; A Caring Doctor (North Carolina), P.C.; A Caring Doctor (Texas), P.C. and any other Person operating one or more veterinary hospitals or facilities pursuant to an agreement or arrangement with MMI or any Affiliate. I understand that this Agreement may be enforced by any of such Persons by whom I am employed, or on whose behalf I perform services, at any time.

11. **Governing Law; Jurisdiction and Venue.** This Agreement is governed in all respects by the internal, substantive laws of the State of Oregon, without regard to choice of law principles. I irrevocably consent to jurisdiction and venue in any federal or state court located in Multnomah County, Oregon for any proceeding arising out of or in connection with this Agreement, and I waive any objection that such courts are not a proper or convenient venue. I agree that service of any legal process may be made upon Me by certified mail at the address set forth below (or such other address as I give MMI in writing), and such service shall be effective on the third day after mailing.

12. **"At Will."** Nothing in this Agreement will affect the "at will" nature of my relationship with MMI or the right of MMI or me to terminate such relationship at any time, with or without cause.

13. **Independent Contractor.** If my relationship with MMI is that of an independent contractor rather than an employee, I understand that the terms "employment" and "employed" shall refer to such independent contractor status. In that event, nothing in this Agreement will, in and of itself, establish an employment relationship between Me and MMI.

14. **"Person" Defined.** As used in this Agreement, "Person" means any individual, group of individuals, corporation, partnership, limited liability company, or other entity of any nature, public or private.

DR. O.O. SOBOWALE
Printed Name

[signature]
Signature

597c E. Ordinance Road,
Glen Burnie, MD 21060
Address:

Glen Burnie   0360
Hospital or Team

07-26-05
Date

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
Social Security Number